UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22815-Civ-COOKE/BANDSTRA

AUEISHUA BUCKNER, *et al.*,

    Plaintiffs,
vs.

LUTHER CAMPBELL

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before me on Defendant Luther Campbell's Motion to Dismiss Count II of the Amended Complaint. [ECF No. 69]. I have reviewed the complaint, the arguments and the relevant legal authorities. For the reasons explained below, I am **DENYING** the Defendant's Motion to Dismiss.

### I. BACKGROUND

On February 11, 2008, the United States District Court for the Eastern District of Louisiana issued default judgments against Luke Records, Inc. and Luke Records and Films, Inc. [ECF No. 63-1]. On April 29, 2009, the Eastern District of Louisiana issued another default judgment against Luke Entertainment Corporation, Inc. [ECF No. 63-2]. On November 1, 2010, Plaintiffs filed an Amended Complaint for personal liability (Count I) and personal negligence (Count II) and fraudulent transfer (Count III) against Defendant Luther Campbell ("Campbell"). The Amended Complaint alleges that Campbell negligently operated Luke Records, Inc., Luke Records and Films, Inc. and Luke Entertainment Corporation, Inc. (the "Luke Corporations") by using the corporate registered identities to conduct personal business transactions after the corporations were dissolved. The Amended Complaint also alleges that Campbell, as the sole

officer of the dissolved corporations, is personally liable for the three default judgments issued by the Eastern District of Louisiana   Campbell now moves to dismiss the Amended Complaint under Fed. R. Civ.P. 12(b)(6) on the grounds that Plaintiffs have failed to establish a prima facie case for negligence. [ECF No. 69].

## II. LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citation omitted). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those allegations is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 55-556.  To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).  Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

## III. ANALYSIS

Campbell argues that Count II of the Amended Complaint should be dismissed because Plaintiffs have failed to state sufficient facts to support a claim for negligence.  Specifically,

Campbell argues that the Amended Complaint "is devoid of any allegation as to breach of any duty and any facts showing the alleged damage was the proximate result of some negligent act."

Plaintiffs argue that Campbell is liable for the negligence of the Luke Corporations under Florida's business judgment rule, Florida Statute § 607.0831. "Under the business judgment rule, directors are presumed to have acted properly and in good faith, and are called to account for their actions only when they are shown to have engaged in fraud, bad faith, or an abuse of discretion." *Cottle v. Storer Commc'ns, Inc.*, 849 F.2d 570, 574 (11th Cir. 1988).

Count II of the Amended Complaint alleges that Campbell willfully and recklessly failed to use reasonable care in performing his duties as the sole corporate director for the Luke Corporations. Count II further alleges that Campbell acted in bad faith and that the proximate result of Campbell's actions have lead Plaintiffs to be damaged in an amount in excess of $400,000.00 plus interest and costs. The allegations of personal negligence set forth in the Amended Complaint are sufficient to satisfy the business judgment rule. Therefore, I find that Count II survives the Motion to Dismiss.

## IV. CONCLUSION

For the reasons set forth above, I hereby **ORDER and ADJUDGE** that Defendant Luther Campbell's Motion to Dismiss Count II of the Amended Complaint [ECF No. 69] is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida this 22nd day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*All counsel of record*