UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22815-CIV-COOKE/BANSTRA

AUEISHUA BUCKNER, *et al.*,

    Plaintiffs

vs.

LUTHER CAMPBELL, *et al.*,

    Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE JURY DEMAND
AND SETTING MATTER FOR JURY TRIAL**

THIS MATTER is before me upon Plaintiffs' Motion to Strike Jury Demand of Defendant, Luther Campbell. [ECF No. 83]. I have reviewed the motion, Defendant's response, and the relevant legal authorities. For the reasons explained below, Plaintiffs' Motion is denied.

***BACKGROUND***

Luke Records, Inc., Luke Records and Films, Inc. and Luke Entertainment Corporation, Inc. (the "Luke Corporations") are owned and operated by Defendant Luther Campbell ("Campbell"). On November 1, 2010, Plaintiffs filed an Amended Complaint seeking to enforce personal liability against Campbell for the alleged negligent and fraudulent actions of the Luke Corporations. [ECF No. 63]. On November 16, 2010, Campbell filed his Answer and Affirmative Defenses to the Amended Complaint. [ECF No. 74]. Neither the Amended Complaint nor the Answer made a demand for a jury trial.

On November 20, Campbell acquired new defense counsel, Richard E. Brodsky, Esq., who then immediately filed a Demand for Trial by Jury. [ECF No. 81]. On November 22, 2010,

Plaintiffs filed a Motion to Strike Jury Demand, arguing that the demand for a jury trial is an untimely dilatory trial tactic. [ECF No. 83].

## *DISCUSSION*

The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII; Fed. R. Civ. P. 38(a). The demand for a jury trial is timely if it is made "no later than 14 days after the last pleading directed to the [triable] issue is served." Fed. R. Civ. P. 38(b).

Plaintiffs argue that Campbell's demand for jury trial is untimely because it was filed 13 days after the date Campbell was ordered to file a responsive pleading to the Amended Complaint. I disagree. Despite Campbell's disregard for Court deadlines, the demand for jury trial was filed four days after Campbell's Answer and Affirmative Defenses were served. It is indeed timely. Fed. R. Civ. P. 38(b). Accordingly, I hereby **ORDER and ADJUDGE** that Plaintiffs' Motion to Strike Jury Demand [ECF No. 83] is **DENIED**. This matter is reset as a jury trial and is scheduled to begin on December 6, 2010 at 9:30 a.m., before the undersigned United States District Judge at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida.

The Southern District of Florida is an extremely busy Trial District. In addition to Campbell's propensity to acquire new counsel on the eve of trial, this case has been subject to numerous delays and scheduling conflicts. Absent the most extreme and compelling of circumstances, the Parties are cautioned against making any further attempts to alter the Court's trial calendar. All existing pretrial orders, dates and deadlines remain in effect.

**DONE and ORDERED** in chambers at Miami, Florida this 30th day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*