UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22815-CIV-COOKE/BANDSTRA

AUEISHUA BUCKNER, *et al.*,

      Plaintiffs

vs.

LUTHER CAMPBELL,

      Defendant.

_____/

**AMENDED ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER DENYING MOTION TO
DISMISS COUNT II OF THE AMENDED COMPLAINT**

THIS MATTER is before me upon Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss Count II of the Amended Complaint. (ECF No. 87). For the reasons stated below, Defendant's Motion for Reconsideration is denied.

*I. BACKGROUND*

On November 1, 2010, Plaintiffs filed a three-count Amended Complaint against Luther Campbell ("Campbell") alleging personal liability (Count I), personal negligence (Count II) and fraudulent transfer (Count III). (ECF No. 63). Specifically, Plaintiffs seek to hold Campbell personally liable for default judgments issued by the United States District Court for the Eastern District of Louisiana against Luke Records, Inc., Luke Records and Films, Inc. and Luke Entertainment Corporation, Inc. (the "Luke Corporations"), actions related to copyright infringement and fraudulent transfers that rendered the Luke Corporations insolvent. (*Id.*).

On November 2, 2010, Campbell filed a Motion to Dismiss Count II of the Amended Complaint. (ECF No. 69). Campbell argued that the dismissal of Count II was warranted because Plaintiffs failed to establish that Campbell owed them a legal duty and therefore

"fail[ed] to establish sufficient facts [to] give rise to negligence as understood under Florida law." (*Id.* ¶ 1). In their Response in Opposition to the Motion to Dismiss, Plaintiffs argued that the factual allegations in the Complaint, and Campbell's own admissions by deposition, precluded dismissal because Campbell, as the sole director of the Luke Corporations, allowed the Luke Corporations to incur liability for copyright infringement in violation of Florida's business judgment rule, Florida Statute § 607.0831. (ECF No. 78).

On November 22, 2010, I entered an Order Denying Defendant's Motion to Dismiss on the grounds that the "allegations of personal negligence set forth in the Amended Complaint are sufficient to satisfy" the exceptions to Florida's business judgment rule. (ECF No. 85). Campbell now seeks reconsideration of that Order and argues that the business judgment "does not establish a director's duty or in itself give rise to a director's liability." (ECF No. 87 at 9).

## II. LEGAL STANDARD

Campbell has not identified the Federal Rule of Civil Procedure that authorizes his motion for reconsideration. I am therefore construing Campbell's motion as made pursuant to Federal Rule of Civil Procedure 60(b), which provides:

> On motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial …; fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; … or (6) any other reason that justifies relief.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). To prevail on a motion for reconsideration, a party generally must present at least one of "three major grounds which justify reconsideration: (1) an

intervening chance in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Further, when a party alleges that reconsideration is due because of the court's misunderstanding or misapplication of the law, the movant must demonstrate that the court's mistake involved "a 'plain misconstruction' of the law and the erroneous application of that law to the facts." *Seven Elves, Inc. v. Eskenzazi*, 635 F.2d 396 (5th Cir. 1981).[1]

### III. DISCUSSION

Count II of the Amended Complaint alleges that Campbell is personal negligent in his role as a director of the Luke Corporations. Campbell argues that "Count II does not allege the requisite elements" of a claim for "personal liability for the acts of a corporation though a 'piercing the veil' theory." In this circumstance, "it is not necessary that the corporate 'veil' be pierced or even discussed." *L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 619 F.2d 455, 457 (5th Cir. 1980) (citations omitted). While it is true that a director or an officer is not personally liable for any act or failure to act regarding corporate management or policy, it does not follow that the officer or individual is shielded from accountability for tortuous conduct.[2]

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Florida courts uniformly hold that if an officer, director, or agent commits or participates in a tort, whether or not his actions are by authority of the corporation or in furtherance of the corporate business, that individual will be liable to third persons injured by his actions, regardless of whether liability attaches to the corporation for the tort. *See Thorpe v. Gelbwaks*, 953 So. 2d 606 (Fla. Dist. Ct. App. 2007) (corporate shield doctrine does not protect corporate officer who commits intentional misconduct); *First Fin. USA, Inc. v. Steinger,* 760 So.2d 996, 997-98 (Fla. Dist. Ct. App. 2000) (president of corporation was not shielded from liability for fraudulent conduct); *Scutieri v. Miller,* 605 So.2d 972, 973 (Fla. Dist. Ct. App. 1992) (corporate officers could be liable for defamation even though claim against corporation had been settled);

"An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortuous acts when participating in the wrongdoing." *Id.*

In light of the alleged absence of a cause of action for piercing the corporate veil, Campbell claims that personal liability for the Luke Corporation's unlawful conduct fails because Campbell did not owe Plaintiffs a duty of care. Specifically, Campbell argues that Florida's business judgment rule "does not enact a standard of care, create a duty, or establish a cause of action." (ECF No. 87 at 10). According to Campbell, "the business judgment rule presupposes the existence of a duty and does not create one." (*Id.*). While the business judgment rule does presuppose that a director acts in conformity with the general standards for directors, Fla. Sta. § 607.0830, it also creates an implied duty that the director will not commit a "violation of the criminal law," derive an "improper personal benefit," assent to an "unlawful distribution," act in "conscious disregard for the best interest of the corporation," or engage in a reckless acts or omissions "in bad faith." *See* Fla. Stat. 607.0831(1)(b).

The Amended Complaint alleges that Campbell willfully and recklessly failed to use reasonable care in performing his duties as the sole corporate officer for the Luke Corporations. Count II further alleges that as a result of Campbell's reckless conduct, the Luke Corporations incurred liability for copyright infringement (which is arguably an action that is not in the "best interest" of the Luke Corporations) for which Campbell should be personally liable. The Amended Complaint clearly establishes that the acts of the Luke Corporations were done with Campbell's authorization, participation and approval. (ECF No. 63 ¶¶ 24-40). Count II

---

*Adams v. Brickell Townhouse, Inc.,* 388 So.2d 1279 (Fla. Dist. Ct. App. 1980) (officers held liable in tort for acts performed within the scope of their duties as officer); *Dade Roofing and Insulation Corp. v. Torres*, 369 So.2d 98 (Fla. Dist. Ct. App. 1979) (individual officers personally liable to any third person injured as a result of acts performed in the scope of their employment or as corporate officers).

adequately alleges more than mere negligence and therefore survives Campbell's Motion to Dismiss.

### IV. CONCLUSION

For the reasons set forth above, I hereby **ORDER and ADJUDGE** that Campbell's Motion for Reconsideration of Order Denying Motion to Dismiss Count II of the Amended Complaint (ECF No. 87), is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 6th day of December 2010.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*