UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-22815-COOKE/BANDSTRA

AUEISHUA BUCKNER and LESLIE HENDERSON
and GLAMOUR PHOTOGRAPHY & VIDEO, INC.,

    Plaintiffs,

vs.

LUTHER CAMPBELL,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF ADMISSION OF RETURN OF PROCESS AFFIDAVIT**

Defendant Luther Campbell, by and through his undersigned counsel, hereby moves for reconsideration of the Court's decision to admit the return of process affidavit from the Louisiana litigation that led to the default judgments against Luke Records, Inc. (1986) and Luke Records & Films, Inc. This motion is made pursuant to the inherent authority of the Court to reconsider any prior decision in a case as well as Fed.R.Civ.P. 60.

The issue is whether the two returns of service, in the forms of affidavits from a process server, are admissible. In denying the Defendant's objection to the admissibility of these documents as hearsay, the Court stated that they are self-authenticating, and therefore admissible under Fed.R.Evid. 901. Respectfully, this is a fundamental misconception of the purpose of Rule 901.

Rule 901 deals with authenticity -- in the case of a document, whether the document is what it appears to be. A party offers a piece of paper that appears to be a particular letter from Jones to Smith. Absent authentication of the document, the finder of fact would have no way of knowing whether it is, in fact, the letter it appears to be, as opposed to a fabrication.

In the particular case of the affidavits in question, Rule 901 deals with whether the exhibit, which looks like a return of service filed in federal court in Louisiana, is, in fact, a return of service filed in federal court in Louisiana. Hence, the Court required the Plaintiffs to obtain a certificate indicating that it is, in fact, what it appears to be.

But authenticating the document gets the Plaintiffs only one hurdle to admissibility, however, and has nothing whatsoever to do with surmounting a second hurdle: whether the document is inadmissible hearsay. The concept was explained in Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1190, 1221 (E.D. Pa. 1980) modified on other grounds, 723 F.2d 238 (3d Cir. 1983). In that case, an anti-trust claim, the defendants challenged the admissibility of certain documents offered to prove the truth of the contents and sought to be admitted under the exception under Rule 803 for "business records" (Rule 803(6)). The defendants argued that Rule 901 required not only

authentication of the documents but also proof of the truth of the documents. Judge Becker dealt with this argument as follows:

> The problem with defendants' argument is that it reads the language of 901 to subsume nearly all of the issues involved in many cases in which the issue may arise. For example, the proponent claims that many of the documents under consideration here are 'business records.' As the Advisory Committee Notes to 901 make clear, however, this is a completely separate determination which must be addressed outside the scope of the authentication inquiry. While the Advisory Committee Notes state specifically that authentication is an aspect of conditional relevancy, they are also quite clear that it is but one kind of conditional relevancy, and does not subsume all of the evidentiary foundation which must be established in order to show that a document is relevant evidence:
>
>> Authentication and identification represent a special aspect of relevancy. Thus a telephone conversation may be irrelevant because on an unrelated topic or because the speaker is not identified. The latter aspect is the one here involved. (emphasis added) (citations omitted).

(footnotes omitted). Thus, the court separately considered authenticity and admissibility, i.e., whether the documents, even if authentic, were admissible under Rule 803, which sets forth exceptions to the hearsay rule, or then Rule 804(b)(5). <u>Id.</u> <u>Accord</u> <u>Orr v. Bank of Am., NT & SA</u>, 285 F.3d 764, 776 (9th Cir. 2002) ("[W]e recognize that an inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility"); <u>Bouriez v. Carnegie Mellon Univ.</u>, No. CIV.A. 02-2104, 2005 WL 2106582 (W.D. Pa. Aug. 26, 2005) ("Authentication evaluates the genuineness of a document, not its admissibility").

We assume we need not cite any case to establish that evidence that is hearsay is not admissible unless it qualifies for an exception to the hearsay rule. So

says Fed. R. Evid. 802. Here, the document is not admissible because it is hearsay -- it is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," Fed. R. Evid. 801(c) -- and it does not qualify for any of the exceptions to the hearsay rule. None of the exceptions under Rule 803 applies, and the residual hearsay rule, 807,[1] does not allow this hearsay to be admitted, either. When confronted with this issue at trial, the Plaintiffs' counsel offered no rationale for why this rank hearsay is admissible under any hearsay exception, and the Court, of course, found refuge for the document under Rule 901, which, as noted above, is plainly erroneous.

"'Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances,' United States v. Ingram, 501 F.3d 963, 967 (8th Cir.2007), and it 'appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are

---

[1]    Rule 807 provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.  However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed.R.Evid. 807.

present,' United States v. Wright, 363 F.3d 237, 245 (3d Cir.2004).'" United Technologies Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009).

Here, the requirements of Rule 807 are not remotely met.

First, the hearsay statement must have equivalent circumstantial guarantees of trustworthiness as the hearsay exceptions in Rules 803 and 804. The sworn affidavit of a process server has no more indicium of trustworthiness than of anyone else. A private process server is not a court officer. He or she is just a person over 18. Moreover, under Florida law, "[s]tatutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff." Martin v. Salvatierra, 233 F.R.D. 630, 631 (S.D. Fla. 2005).

Second, "the statement [must be] more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." The Plaintiffs made no showing that they could not locate the process server and offer his oral testimony.

Third, "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." No such notice was provided.

## Conclusion

The Court should reconsider its earlier decision and not admit the process server's affidavit.

December 11, 2010

>Respectfully submitted,
>
>THE BRODSKY LAW FIRM
>66 West Flagler Street, Ninth Floor
>Miami, Florida 33130
>Tel.:    786-220-3328
>Fax:    866-564-8231
>rbrodsky@thebrodskylawfirm.com
>
>            */s/ Richard E. Brodsky*
>By:_____
>Richard E. Brodsky
>FBN 322520
>
>Christopher E. Benjamin
>THE BARRISTER FIRM
>Harbour Centre
>18851 NE 29th Avenue
>Suite 700, PMB 168
>Aventura, Florida 33180
>FBN 00561029
>Co-Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Donald F. de Boisblanc, Jr.
Jerry R. Smith, Jr.
de Boisblanc & de Boisblanc
410 S. Rampart Street
New Orleans, Louisiana 70112

Christopher E. Benjamin
THE BARRISTER FIRM
Harbour Centre
18851 NE 29th Avenue
Suite 700, PMB 168
Aventura, Florida 33180

Co-Counsel for Defendants

Michael C. Black
Kate S. Goodsell
Cassidy & Black, P.A.
7700 North Kendall Drive, Suite 505
Miami, Florida 33156

Attorneys for Plaintiffs

(via hand delivery)

/s/ *Richard E. Brodsky*
_____
Richard E. Brodsky