4963/New-Trl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-22815-CIV-COOKE/BANSTRA

AUEISHUA BUCKNER and LESLIE
HENDERSON, individually and as
representative of GLAMOUR
PHOTOGRAPHY & VIDEO, INC.,

        Plaintiffs,

vs.

LUTHER CAMPBELL, LUKE RECORDS,
INC., LUKE RECORDS AND FILMS, INC.
and LUKE ENTERTAINMENT CORPORATION,

        Defendants.
_____/

**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL**

COME NOW the Plaintiffs, AUEISHUA BUCKNER and LESLIE HENDERSON, individually and as a representative of GLAMOUR PHOTOGRAPHY & VIDEO, INC., by and through their undersigned counsel, move this Honorable Court for a Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50 (b) or, in the alternative, for a New Trial pursuant to Federal Rule of Civil Procedure 59(a) and in support thereof state as follows:

**I.   PROCEDURAL HISTORY**

The jury trial in the instant matter was held during this Court's December 6, 2010 to December 13, 2010 trial period.  On December 13, 2010, the Jury returned a verdict in favor of the Defendant on Count I "operation of a dissolved company" and Count II "liability

of a director" and Judgment was entered consistent therewith by this Court on December 13, 2010.

Upon the close of Defendant's case in chief, Plaintiffs moved this Honorable Court for a Judgment as a Matter of Law pursuant to FRCP 50(a).  The Motion was denied and the matter was submitted to the Jury.  Plaintiffs hereby renew their motion pursuant to FRCP 50(b) within twenty eight days of the entry of judgment. This motion is renewed upon the same grounds as raised in the previous motion

Alternatively, Plaintiffs move for a new trial pursuant to Rule 59(a) based upon the jury verdict being against the great weight of the evidence and based upon significant misconduct by counsel for the Defendant throughout trial which severely prejudiced Plaintiffs' ability to present their case to the jury and which resulted in jury confusion.

## II.  STANDARD OF REVIEW

### A) Renewed Judgment as a Matter of Law

At the close of the defendant's case, the court is asked to decide whether an issue of fact remains for the trier of fact to determine. None does if, on the evidence presented (1) any rational person would have to find the existence of facts constituting a prima facie case, and (2) the defendant has failed to meet its burden of production... in that event, the court **must** award judgment to the plaintiff as a matter of law under 50(a)(1) (Jury trial) or 52(c) (bench trial)." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).

The standard for renewal of the Rule 50 motion is the largely the same[1]. The 11th Circuit addressed the issue in *Chaney v. City of Orlando*, 483 F.3d 1221, 1228 (11th Cir 2007):

The fact that Rule 50(b) uses the word 'renew[ed]' makes clear that a rule 50 (b) motion should be decided in the same way it would have been decided prior to the jury's verdict, and that the jury's particular findings are not germane to the legal

---

[1] It should be pointed out that the circuits each have their own tests with respect to the application and implementation of a renewed Rule 50 Motion, however the 11th Circuit has clearly spoken.

analysis[2]. The jury's findings should be excluded from the decision making calculus on a Rule 50 (b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial.

Therefore, when deciding this Renewed Rule 50 motion, the Court must award judgment to the Plaintiffs, as a matter of law, irrespective of and without deference to the findings of the jury.

**B) Motion for New Trial**

Federal Rule of Civil Procedure 59(a) provides that "[a] district court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." Sherrod v. Palm Beach County School Dist., 2007 WL 1501045, *2 (11th Cir. 2007). As to the grounds for a new trial, rule 59(a) speaks in broad terms and new trials may be granted for such reasons as "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Slip-N-Slide Records, Inc. v. TVT Records, LLC, 2007 WL 3232274, *2 (S.D.Fla. 2007). Moreover, "[a] trial court should grant a motion for a new trial if (1) the jury instructions were erroneous or inadequate, (2) the court made incorrect and prejudicial admissibility rulings, **or** (3) the verdict is contrary to the great weight of the evidence." Chiron Corp. v. Genentech, Inc., 363 F.3d 1247, 1258 (Fed.Cir. 2004) (citations omitted). "As explained in Nigro v. Brady, 731 So.2d 54, 56 (Fla. 4th DCA 1999), a trial court generally has broad discretion to set aside a jury verdict and grant a new trial. When counsel's misconduct deprives a party of a fair trial

---

[2] Internal citations omitted

and that conduct has been objected to, the trial court may order a new trial even though there was no motion for a mistrial and the error was not fundamental"[3]. "[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before him...." Sherrod v. Palm Beach County School Dist. at *2.

When ruling on a motion for new trial, "the judge may set aside the verdict even though there is substantial evidence to support it...The court may weigh the evidence for itself without viewing it in the light most favorable to the verdict winner." American National Fire Ins. Co. v. Mirasco, Inc., 451 F.Supp.2d 576, 582 (S.D.N.Y. 2006) (citations omitted).  A new trial should be granted where "the court is convinced that the jury has reached a seriously erroneous result, or that the verdict is against the weight of the evidence, making its enforcement a miscarriage of justice." Id. at 582.

### III. MEMORANDUM OF LAW

#### i) Renewed Motion for Judgment as a Matter of Law

The Jury's verdict is against the great weight of the evidence and even in the light most favorable to the non-movant, the evidence is legally insufficient to support the Jury's finding against plaintiffs.  The Plaintiffs have proven well beyond a preponderance of the evidence the following:

---

[3] Companioni v. City of Tampa, 2010 WL 5110234 (Fla. Dec. 16, 2010).

### A. Count I

Fla. Stat. 607.1421 "Procedure for and Effect of Administrative Dissolution" states in relevant part as follows:

> (3)  A Corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s.607.1405 and notify claimants under s.607.1406
> (4)  A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation's administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken;…
> Therefore, the necessary elements of Count I are 1) a director purporting to act on

behalf of the dissolved company, 2) incurs a debt or obligation, 3) with knowledge of the dissolution.

It is conclusively established that Luther Campbell, by his own testimony, was the sole officer, director and shareholder of Luke Records, Inc (1986)[4] and that Florida Secretary of State Records prove the company was administratively dissolved in 1996 (EX P13). Luther Campbell further testified that the company did not exist following bankruptcy in 1996, thereby conclusively establishing the fact that he knew the company was dissolved. However, despite his belief that the company was defunct, he continued to operate the company and in fact executed contracts as "Luke Records, Inc" (Producer) and distributed new pornographic DVD's through Ventura/UrbanWorks Entertainment (Distributer) from 2000 to 2005 pursuant to exclusive contracts in 2000 (Ex P9), 2001 (Ex P7, P8) and 2004 (Ex P6).

---

[4] Luke Records Inc. M34847

It should be noted that by his own testimony, Luther Campbell described all of his companies as closely held, in his words, he is the sole officer, director, share holder, and president of each. To borrow a phrase from Louis XIV "Je suis l'état et l'état c'est moi". Luther Campbell *is the corporation and the corporation is him*. It is merely his instrumentality, his alter ego. However, despite this fact, Mr. Campbell claimed not to know that the Secretary of State had dissolved his company, instead he claimed to believe it had been liquidated and dissolved in bankruptcy.  However, despite his denial from the stand, he continued to operate the company a fact conclusively proven by the distribution contracts.  Although he insisted that this was merely an error and that "Luke Records, Inc" didn't mean "Luke Records, Inc." but instead meant another company "Luke Records and Films, Inc", the interesting fact is that "Luke Records and Films, Inc" didn't exist for another year and a half after execution of the contracts (Ex P7, P8 and P9).  Therefore Mr. Campbell can offer no plausible alibi.  He executed contracts on behalf of his dissolved company "Luke Records, Inc.". He released products on behalf of his dissolved company "Luke Records, Inc." He testified that he received payment from Ventura/UrbanWorks pursuant to these contracts. He received Service of Process personally on behalf of his dissolved company "Luke Records, Inc." (Ex P1(a) & P1(b)).  He allowed a default Judgment to issue against his dissolved company "Luke Records, Inc." for copyright infringement with respect to one of these DVDs. (Ex P1 and P2).

These matters have been established, not merely by a preponderance of the evidence but conclusively.  He was the only director and he personally incurred an obligation while operating a dissolved company.

**B. COUNT II**

The purpose of Count II as to Luke Records, Inc is largely to provide an alternative for Count I. In the event Luke Records, Inc had been a validly operating company at the time of the infringement and/or default Judgment or in the event Luther Campbell did not know of the dissolution.

As to Luke Records and Films, Inc., Count II provides the basis for liability of its sole officer and Director, Luther Campbell.

Fla. Stat 607.0831 "Liability of Directors" provides in relevant part:

(1)     A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding the corporate management or policy, by a director, **unless**:
5.      In a proceeding by or in the right of someone other than the corporation or a shareholder, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
(2)     For the purposes of this section, the term "recklessness" means the action, omission to act, in conscious disregard of a risk:
(a)     Known, or so obvious that it should have been known, to the director; and
(b)     Known to the director, or so obvious that it should have been known, to be so great as to make it highly probable that harm would follow from such action or omission.

The statute is therefore satisfied in alternatives, the complexity of which has likely led to jury confusion as to the application of the law to the facts.

The elements are as follows:

To satisfy the "**Recklessness**" alternative, 1) action or omission to act, 2) in disregard of a risk, known **or** so obvious that it should be known to the director, 3) **and** high probability of harm to follow such act or omission.

To satisfy the "**bad faith**" alternative, 1) act **or** omission 2) in bad faith **or** malicious purpose **or** in wanton and willful disregard of 3) human rights, safety **or** property

There are two separate and distinct acts or omissions which were personally committed by Luther Campbell: <u>First</u>, placing the infringing image on the DVD jacket and <u>Second</u>, ignoring the suit pending in the Eastern District of Louisiana thereby allowing a default judgment to enter.

1) <u>Unauthorized use of the Image of Ms Buckner</u>

The evidence proves conclusively that the image of Ms. Buckner which appears on the jacket of the pornographic DVD "Uncle Luke's Freakshow, Platinum edition, Vol. 2" had originally appeared in the "*Boyz Toyz 2003*" calendar. Further that this calendar clearly stated "*All vehicle and model photographs provided by: Leslie Henderson/Glamour Photography copyright 2002*" (Ex P4). Mr. Henderson had a "Specific License Agreement" with Ms Buckner to use her image on the calendar only[5]. Mr. Campbell admits in discovery "requests for admissions" that none of his companies possessed a written agreement with Mr. Henderson, Glamour Photography or Ms. Buckner to use her image on the DVD. (Ex P11) Mr. Campbell has decades of experience in the entertainment industry and knows the meaning of copyright declarations. Mr. Campbell is familiar with the legal process and infringement issues. In fact he was sued by George Lucas and Lucas Films for his infringing use of the name "Luke Skywalker". Mr. Campbell knows that these copyright declarations are made to protect a work from unauthorized use. Yet he, as the sole officer, director, shareholder, creative force and top of the totem pole made the decision to place an image, one he tried to buy unsuccessfully from Mr. Henderson, on the jacket of a DVD without

---

[5] Defendant's Exhibit

written permission from the owner. He even testified that "**he**" agreed to place the reference to "*Boyz Toyz calendar*" on the back of the DVD in exchange for using the image on the jacket. **This is important because it conclusively links "him" Luther Campbell, to the infringement which was already adjudged in the Eastern District of Louisiana**. (Ex P1(a) & P1(b)) Mr. Campbell may "think" that he had some right to use the image based upon a relationship with the calendar promoter, but he does not, did not, **has admitted in discovery that he never did have the right**[6], and the very **use of this image has been adjudged as willful infringement**. The Jury verdict was clearly against not only a preponderance of the evidence, but the great weight of the evidence. These facts have been conclusively proven.

2) Allowing a default to enter against his companies thereby incurring an obligation

Luke Records, Inc., Luke Records and Films, Inc and Luke Entertainment Corp were sued in the Eastern District of Louisiana for Copyright Infringement related to the image of Ms Buckner on the cover of *Uncle Luke's Freakshow Platinum Edition, Vol 2*. Mr. Campbell was personally served at The Crobar Night Club 1445 Washington Ave., Miami Fl 33139 on October 29, 2005 by Dwayne Davis, a special process server (Ex 1a & 1b). Mr. Campbell took no action whatsoever to appear or to defend the suit on behalf of his companies and as a result, they were caused to incur a default Judgment of Statutory Damages in the total amount of $400,000 ($150,000 to Mr. Henderson, $150,000 to Ms Buckner and $100,000 in fees and costs). (Ex P1 & P2).

---

[6] Matters admitted in discovery are "conclusively established" and "an unassailable statement of fact that narrows the triable issues in the case". *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Airco Indus. Gases, Inc. v. Teamsters Health and Welfare Pension Fund*, 850 F.2d 1028, 1037 (3rd Cir. 1988). Therefore the request for admission conclusively establishes that Mr. Campbell and his companies did not have the right to use the image. This comports perfectly with the Judgment of "willful" infringement rendered in the Eastern District

At all times before during and after the pendency of this litigation Mr. Campbell was the sole officer, director, shareholder, president and creative force behind these companies. He alone allowed the companies to incur this obligation due to his failure to appear and defend the suit. No clearer set of facts could give rise to a claim for liability of a director for his recklessness or acts or omissions with absolute certainty that harm would follow in the form of a default judgment. It appears evident therefore that the jury's verdict is simply unsupportable under the facts.

The laws of the State of Florida embodied in Fla. Stat. 607.1421 and 607.0831 are for the protection of the public. These statutes are crafted so that individuals whose rights are disregarded or infringed or who suffer damage at the hands of a corporation can have recourse against that corporation or its director. The very purpose of these statutory remedies is embodied in the instant case. Essentially Mr. Campbell has taken property that he does not own and has no rights to use and used that property for his own gain while disregarding the rights of its owners and disregarding Judgments of the United States District Court. Our system of law is based on an idea of fairness, of equity and law which together protect citizens, residents and others who come under the protection of our constitution. In order to effect this system, we rely on respect for our Courts, for our Law, and with Full Faith and Credit for sister Courts, those liable for causing damage to others cannot hide from justice. In the cause before us, the true victims, the plaintiffs, have had their rights infringed, received Judgment in a United States District Court of competent jurisdiction and yet are not protected if the Jury verdict entered December 13th, 2010 is allowed to stand.

Accordingly, based on the foregoing, this Court should grant this renewed Motion for Judgment as a Matter of Law.

**ii) Alternative Motion for New Trial**

In the event that this Court does not grant Plaintiffs' renewed Motion for Judgment as a Matter of Law, Plaintiffs alternatively respectfully submit that a new trial is warranted in this matter based upon the jury verdict being against the great weight of the evidence and based upon significant misconduct throughout trial on the part of counsel for the Defendant which greatly impaired Plaintiffs' ability to present their case to the jury and which resulted in jury confusion.

Because the argument in support of the jury verdict being against the great weight of the evidence is the same as that encompassed by Plaintiffs' renewed Motion for Judgment as a Matter of Law, Plaintiffs direct this Court to the arguments made *supra* in section III(i) of this Memorandum of Law and incorporate the same herein at length.

Further, a new trial is also warranted based upon misconduct of defense counsel throughout trial which severely prejudiced Plaintiffs and resulted in jury confusion. For example, [7]

1. counsel for Defendant repeatedly argued with the Court and counsel for the Plaintiffs during trial which distracted the jury by creating unnecessary dramatics which became the norm during trial.

2. counsel for Defendant repeatedly attempted to distract the jury while testimony of vital witnesses, including that of LUTHER CAMPBELL, was being presented so

---

[7] Due to the high cost of the trial transcript in this matter, said transcript has not yet been ordered and therefore citations to said transcript are not available in support of this Motion.

that the jury could not focus on said testimony. By way of example, during examination of one witness, counsel for Defendant stood up and walked around the courtroom and toward the jury looking for some item, interrupting the testimony being presented, until he was directed to return to his seat by the Court. Similar inappropriate conduct was the norm, rather than the exception, during trial.

3. counsel for Defendant interrupted direct and cross examinations conducted by counsel for Plaintiffs for improper purposes and in an untimely and inappropriate manner. Said interruptions made it very difficult for counsel for Plaintiffs to maintain "a flow" during said direct and cross examinations which was a large concern with LUTHER CAMPBELL since LUTHER CAMPBELL was very evasive and easily distracted. As a result, the jury could only hear piecemeal and disjointed testimony about issues which were vital to Plaintiffs' case.

4. counsel for Defendant made inappropriate speaking objections throughout trial pertaining to matters which the Court had ruled were inadmissible. Several of these speaking objections resulted in the Court ordering sidebars, even though damage had already been done due to the speaking objections themselves.

5. Early in the case defense counsel tried to cause a mistrial by referencing matters deemed inadmissible by the Court and for which it was advised by the Court that any reference thereto could constitute grounds for a mistrial. Plaintiffs immediately objected to the inappropriate statements, an objection which the Court sustained, and defense counsel was instructed to move forward.

The above is by no means an exclusive list of the misconduct committed by defense counsel, but is merely illustrative of the extent of the misconduct, committed to distract the jury so that jurors could not be exposed to testimony supportive of Plaintiffs case. Said misconduct was severely prejudicial to Plaintiffs and their case and helps to explain how the jury could reach a verdict against the great weight of the evidence since it resulted in substantial jury confusion.

Accordingly, in light of the above, a new trial is warranted in this matter and this Honorable Court should, in the interest of justice and fairness, grant this Motion and order that a New Trial be held.

### IV. CONCLUSION

Plaintiffs renew their Motion for Judgment as Matter of Law, FRCP 50(b) and request that this Honorable Court direct Entry of Judgment in favor of Plaintiffs and against Defendant in the full amount of the underlying Judgments of the Eastern District of Louisiana for the reasons set forth herein. Plaintiffs have proven conclusively that even in when all evidence is viewed in the light most favorable to the non-movant, the Jury could not, as a matter of law, find sufficient evidence to support its verdict in favor of Defendant.

Alternatively, a new trial is warranted in this matter for the reasons set forth above.

WHEREFORE, the Plaintiffs, AUEISHUA BUCKNER and LESLIE HENDERSON, individually and as a representative of GLAMOUR PHOTOGRAPHY & VIDEO, INC., respectfully request that this Honorable Court enter an Order granting the Plaintiffs' Renewed Motion for Judgment as a Matter of Law, or, in the alternative, enter an Order granting Plaintiffs' Motion for New Trial and for whatever other relief this Court deems just and proper..

Miami, Florida
January 10, 2011

        Respectfully submitted,

        */s/Michael C. Black*

By: _____
        MICHAEL C. BLACK, ESQUIRE
        F.B.N. 0056162
        mblack@marlaw.com
        KATE S. GOODSELL, ESQUIRE
        F.B.N. 0063399
        kgoodsell@marlaw.com
        CASSIDY & BLACK, P.A.
        8370 West Flagler Street, Suite 252
        Miami, Florida 33144
        Tel: 305-559-4962
        Fax: 305-559-2163
        *Co-counsel for Plaintiffs*

        */s/Donald F. de Boisblanc, Jr.*

By: _____
        DONALD F. DE BOISBLANC, JR., Esquire
        Louisiana Bar No.: 23462
        deboisdl@bellsouth.net
        JERRY R. SMITH, JR., Esquire
        Louisiana Bar No.: 27090
        de BOISBLANC & de BOISBLANC
        410 South Rampart Street
        New Orleans, Louisiana 70112
        Tel: (504) 586-0005
        Fax: (504) 586-0007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/Michael C. Black*
MICHAEL C. BLACK, ESQUIRE

**SERVICE LIST**

Christopher E. Benjamin, Esquire
F.B.N. 0561029
cbenjaminesq@yahoo.com
THE BROWN LAW GROUP
1195 NW 119th Street
Miami, Florida 33168
Tel:  305-688-7500
Fax: 305-688-7501
*Co-Counsel for Defendants*

Richard Brodsky, Esquire
F.B.N. 322520
rbrodsky@thebrodskylawfirm.com
THE BRODSKY LAW FIRM
66 West Flagler Street, 9th Floor
Miami, Florida 33130
Tel: 786-220-3328
Fax: 866-564-8231
*Co-Counsel for Defendants*