UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  09-22815-CIV-COOKE

AUEISHUA BUCKNER, *et al.*,

    Plaintiffs
vs.

LUTHER CAMPBELL,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE MOTION FOR A NEW TRIAL

THIS MATTER is before me on the Plaintiffs' Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial.  (ECF No. 123).  I have reviewed the record, and the relevant legal authorities.  For the reasons explained below, the motion is denied.

### I. BACKGROUND

For all times relevant to this dispute, Defendant Luther Campbell was the sole officer and director of Luke Records, Inc., Luke Records and Films, Inc., and Luke Entertainment Corporation, Inc. (the "Luke Corporations").  On February 11, 2008, the United States District Court for the Eastern District of Louisiana issued default judgments against Luke Records, Inc. and Luke Records and Films, Inc. for copyright infringement.  On April 29, 2009, the Eastern District of Louisiana issued another default judgment against Luke Entertainment Corporation, also for copyright infringement. On November 1, 2010, Plaintiffs filed an amended complaint against Defendant alleging that he was personally liable for the judgments entered against the Luke Corporations.  Specifically, Plaintiffs claimed that Defendant was liable for operating an administratively dissolved corporation in violation of Fla. Stat. § 607.1421 (Count I), recklessly

and negligently operating the Luke Corporations in violation of Fla. Stat. § 607.0831 (Count II) and fraudulent transfer in violation of Fla. Stat. § 726.101 (Count III).

On December 6, 2011, the case proceeded to trial. In an *ore tenus* motion before the Court, Plaintiffs dismissed Count III. On December 10, 2010, upon the close of Defendant's case, Plaintiffs moved this Court to enter judgment as a matter of law as to Counts I and II. The motion was denied, and the issues were submitted to the jury. The jury found that the Defendant was not personally liable under Counts I or II. On December 13, 2010, final judgment was entered in favor of the Defendant. Plaintiffs now move for a renewed motion for judgment as a matter of law or, in the alternative, a new trial.

## II. LEGAL STANDARDS

### A. Renewed Motion for Judgment as a Matter of Law

The court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). When considering a motion for judgment as a matter of law, the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party. *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1562 (11th Cir. 1995). Questions concerning witness credibility, however, are reserved for the jury. *U.S. v. Hernandez*, 921 F.2d 1569, 1576 (11th Cir. 1991).

If the court does not grant the original motion under Fed. R. Civ. P. 50(a), and instead submits the issue to the jury, then a party may renew the motion within twenty-eight days after entry of judgment. Fed. R. Civ. P. 50(b). The renewed motion is decided in the same way as the

original motion "and the jury's particular findings are not germane to the legal analysis." *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1228 (11th Cir. 2007).

## B.  Motion for a New Trial

In the alternative, a party may request a new trial under Rule 59(a)(1)(A).  A motion for a new trial may be granted if "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (citing *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)); *see also Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence.'" *Id.*

### III.  ANALYSIS

## A.  Judgment as a Matter of Law is Not Proper

In Count I, Plaintiffs alleged that Defendant was personally liable for the Louisiana judgments because Defendant, acting under the color of authority of an administratively dissolved corporation, infringed upon Plaintiffs' copyrights.  In order for a corporate officer to be personally liable for a dissolved corporations misdeeds, he or she must: (1) be a director purporting to act on behalf of the dissolved company; (2) incur a debt or obligation after the administrative dissolution; and (3) have had knowledge of the dissolution at the time of the action.  Fla. Stat. § 607.1421(4).

At trial, Plaintiffs proffered evidence that Defendant knew or should have known that Luke Records, Inc. was administratively dissolved at the time it, or rather Defendant, entered

3

into the contract with Plaintiffs to use Aueishua Buckner's image.  To the contrary, Defendant testified that he was aware of the bankruptcy, but did not know Luke Records, Inc. was dissolved until the commencement of this litigation.  (Trial Tr. vol. 1, 139, Dec. 6, 2010).  Plaintiffs argue that a reasonable jury could have found that he was not ignorant of the dissolution because he admitted to being aware that the company filed for bankruptcy in 1996.  Although Campbell testified that he was aware that the company had been liquidated after the bankruptcy in 1996, he maintained that he "had no knowledge of whether the company was dissolved" in 1996.  (Trial Tr. vol. 4, 39, Dec. 10, 2010; *see also* Trial Tr. vol. 1, 139, 140, 142).  Furthermore, bankruptcy is not one of the events listed under Fla. Stat. § 607.1420 that causes administrative dissolution. *See* Fla. Stat. § 607.1420(1)(a) – (e).  An admission of bankruptcy, therefore, is not an admission of knowledge regarding administrative dissolution.  This Court cannot infer otherwise.  *See Intelstat Corp. v. Multivision TV LLC*, No. 10-21982-CIV, 2010 WL 5437261, at *4 (S.D. Fla. Dec. 27, 2010) (declining to infer from record that party had actual notice of dissolution where record evidence indicated otherwise).  Defendant's statement of his lack of knowledge as to the dissolution of the company was an issue centered on the credibility of the witness.  Therefore, the factual dispute as to Defendant's knowledge of the dissolution was properly submitted to the jury. *Hernandez*, 921 F.2d at 1576.

In Count II, Plaintiffs alleged that Defendant was liable under Fla. Stat. § 607.0831 for the Luke Corporations' judgments.  In order for a corporate director to be found liable under Fla. Stat. § 607.0831, the director must have recklessly or in bad faith breached his or her duties as a director in the disregard of another's property.  At trial, there was a factual dispute as to whether Defendant had permission to use Plaintiffs' images for a purpose other than what the images were originally intended for.  (Trial Tr. vol. 2, 22, Dec. 7, 2010).  Although Defendant admitted

4

he did not have a written agreement with Plaintiffs' copyright images, Defendant testified that he received written permission from someone other than Plaintiffs, and subsequently lost the document. (Trial Tr. vol. 4, 90). He also stated that he acquired the negative images from Plaintiff Leslie Henderson, the owner of the rights. (Trial Tr. vol. 4, 34). Leslie Henderson, however, testified that the rights to the images were never given or sold to Luke Records, Inc. nor did he produce negatives to Defendant. (Trial Tr. vol. 3, 70, 86, Dec. 9, 2010). There was, therefore, a factual dispute as to whether Defendant violated Plaintiffs' copyright, recklessly or otherwise. Plaintiffs' renewed motion for judgment as a matter of law must be denied as the issue of witness credibility was properly submitted to the jury.

**B. Plaintiffs New Trial**

Plaintiffs also move for a new trial, claiming that the jury verdict was against the great weight of the evidence, and that Defendant's counsel acted in a manner that hindered their ability to try their case. A jury verdict may be set aside and a new trial ordered when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice." *Lipphardt*, 267 F.3d at 1186 (11th Cir. 2001). As discussed above, the disputed issues in this case centered on the credibility of the witnesses. This Court will not substitute its judgment for that of the jury.

As to Plaintiffs contention that defense counsel's misconduct warrants a new trial, this Court is inclined to disagree. "The standard for determining whether a jury verdict should be set aside as a result of misconduct of counsel is whether the conduct was 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992) (citing *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988)). Plaintiffs argue that continual objections and outrageous behavior by defense counsel prejudiced their ability to properly try their case.

Although defense counsel inappropriately interrupted the plaintiffs direct and cross examination numerous times, made inappropriate and unfounded objections, and was admonished by the Court twice, this misconduct does not rise to the level of gravely impairing the juries considerations. (Trial Tr. vol. 4, 41, 64; Trial Tr. vol. 3, 39, 107). While the behavior of both parties was bizarre, and at times rude, none of the conduct at trial impaired the calm and dispassionate consideration of the case by the jury. A new trial is not warranted.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiffs Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial (ECF No. 123) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 16th day of September 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C, Turnoff, U.S. Magistrate Judge*
*Counsel of Record*